IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TREVOR HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-03080-CV-S-RK |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SSA; | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Trevor Harrison ("Plaintiff")'s appeal of the Commissioner of Social Security ("Commissioner")'s final decision denying his application for Social Security insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-434. The decision of the Commissioner is AFFIRMED.

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)

(citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following severe impairments: major depressive disorder, insomnia, post-traumatic stress disorder, degenerative disc disease, degenerative joint disease, and rotator cuff strain. The ALJ also determined that Plaintiff has non-severe impairments, including obesity and alcohol abuse. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1. Despite Plaintiff's limitations, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with several exceptions and limitations. Though the ALJ found Plaintiff incapable of performing any past relevant work, there are jobs in significant numbers in the national economy that Plaintiff can perform, such as production assembler and swatch clerk. Therefore, Plaintiff was not disabled as defined in the Act from February 25, 2015, through the date of the ALJ's decision.

On appeal, Plaintiff alleges errors related to (1) whether the ALJ's credibility assessment is supported by substantial evidence from the record, and (2) whether the ALJ's RFC assessment is supported by substantial evidence from the record.[1]

---

[1] While the ALJ's assessment must be supported by some medical evidence, it is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). The ALJ considered Plaintiff's testimony, Plaintiff's medical treatment records, and the consultative examiner's report. Though Plaintiff argues the consultative examiner's report does not support the RFC assessment, he provides an incomplete account of the examiner's findings. For example, Plaintiff highlights his low back pain and stooped walking position but neglects the finding that he requires no assistive walking device. (Tr. at 295.) The totality of medical and non-medical evidence supports the ALJ's RFC assessment.

2

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth in the Commissioner's brief.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is AFFIRMED.

s/ Roseann A. Ketchmark

ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 22, 2016